UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:10-CR-18-TLS |
| | ) | |
| RODNEY L. POPE | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Rodney L. Pope's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 [ECF No. 73]. The Defendant argues that he is entitled to habeas relief because his counsel rendered ineffective assistance when he failed to "file an appeal concerning the original conviction and sentencing and the denial of the applicability of the Fair Sentencing Act." (Movant's Resp. 1–2, ECF No. 80.)[1] For the reasons set forth in this Opinion and Order, the Court will deny the Defendant's Motion. In addition, the Court will not issue a certificate of appealability.

**PROCEDURAL BACKGROUND**

On May 17, 2010, this Court accepted the Defendant's guilty plea to possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) [ECF No. 28]. The Defendant pled guilty pursuant to a written Plea Agreement between the Government and the Defendant, which was filed with the Court on May 14, 2010 [ECF No. 25]. The Plea Agreement contained the following language regarding the Defendant's term of

---

[1] The Court is citing to the Defendant's Response, as opposed to his original Motion, because the Defendant's Response clarifies the nature of his claim in light of the Government's mistaken belief that his Motion was intended to challenge counsel's failure to file an appeal of the denial of his motion under 18 U.S.C. § 3582(c)(2).

imprisonment:

> I acknowledge that I was previously convicted of a prior felony drug offense and that the government could have filed an enhancement under 21 U.S.C. § 851. *Unless I am a career offender* pursuant to U.S.S.G. §4B1.1, the government and I agree that I should be sentenced to a term of imprisonment of 96 months. If I am a career offender at the time of sentencing, then I shall be sentenced according to U.S.S.G. §4B1.1, and I understand that the agreement for the sentence of 96 months shall **not** apply. If applicable, the above-mentioned agreement that I should receive a sentence of 96 months is a binding agreement pursuant to Rule 11(c)(1)(C).

(Plea Agreement ¶ 8.d.) The next paragraph contained the following waiver:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I understand that this waiver provision does not preclude me from filing a petition for relief pursuant to 18 U.S.C. § 3582(c).

(*Id.* ¶ 8.e.) In paragraph 12, the Defendant declared that he was offering his "plea of guilty freely and voluntarily and of [his] own accord," that "no promises ha[d] been made to [him] other than those contained in this [plea] agreement," and he was not "threatened in any way by anyone to cause [him] to plead guilty in accordance with this agreement." (*Id.* ¶ 12.)

Before the Court accepted the Defendant's guilty plea, it conducted a change of plea hearing to determine whether the Defendant was competent to enter a plea, the Defendant knowingly and voluntarily wished to enter a guilty plea, the Defendant understood the charges

2

against him, and there existed a factual basis for the charges. At the beginning of the hearing, the Defendant took an oath. The Court then made detailed inquiry into his competence to plead, the voluntariness of his plea, and his understanding regarding specific terms of the Plea Agreement.

On June 27, 2011, this Court sentenced the Defendant to serve 188 months of imprisonment, 5 years of supervised release, and to pay a $100.00 special assessment [ECF No. 45]. The Defendant's Guideline range was dictated, in part, by his status as a career offender, and the Court declined to grant the Defendant's request for a variance from the Guideline range pursuant to the factors set forth in § 3553(a). The Defendant did not file a direct appeal, but later, in 2011 and again in 2012, sought to reduce his sentence pursuant to 18 U.S.C. § 3582(c). On September 15, 2014, the Defendant filed his present motion pursuant to 28 U.S.C. § 2255, alleging that his counsel was ineffective in failing to file a notice of appeal.

## ANALYSIS

The Government argues that the Defendant waived his right to collaterally attack his sentence as part of the Plea Agreement he voluntarily entered with the Government.

A plea agreement is a type of contract subject to contract law principles tempered by limits that the Constitution places on the criminal process. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Courts "enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008) (quotation marks and citation omitted). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v.*

*United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999)).

Here, the Defendant's waiver of his right to appeal and his right to collaterally attack his conviction and sentence, "including but not limited to, a proceeding under Title 28, United States Code, Section 2255" (Plea Agreement ¶ 8.e), is express and unambiguous. In fact, the Defendant's waiver cites the exact provision of the United States Code the Defendant is attempting to use here to challenge his sentence. The Seventh Circuit has "generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court 'relied on a constitutionally impermissible factor (such as race),' the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Keller*, 657 F.3d at 681 (quoting *Jones*, 167 F.3d at 1144–45).

The Defendant presents no basis upon which to override the appellate waiver. The Defendant does not allege that the Court relied on impermissible factors, such as his race, in selecting his sentence, or that he was sentenced in excess of the statutory maximum for the crime he committed. Nor does he contend that he plea was involuntary, or otherwise seek to undo the Plea Agreement. Finally, the Defendant does not raise a claim that relates directly to the effectiveness of counsel during plea negotiations. His sole claim is that his counsel should have appealed his original sentence. Accordingly, the waiver is enforceable and he cannot collaterally attack his sentence.

Even if the waiver did not bar his collateral attack, the Defendant's claim would fail on the merits. To prevail on an ineffective assistance of counsel claim, the Defendant must first

show the specific acts or omissions of his attorney "fell below an objective standard of reasonableness" and were "outside the wide range of professionally competent assistance." *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 690(1984); *see also Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003); *Anderson v. Sternes*, 243 F.3d 1049, 1057 (7th Cir. 2001). But, "[w]ith the waiver in force, counsel's duty to protect his client's interests militates against filing an appeal." *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008). In other words, a defendant cannot show objectively deficient performance when counsel fails to file an appeal for a defendant who has validly waived the appeal. *Id.* at 456. Although there are certain exceptions, they are not applicable here. *See Solano v. United States*, 812 F.3d 573, 578 (7th Cir. 2016) (counsel was relieved of responsibility to file an appeal where the defendant was not arguing that the plea agreement or his appeal waiver were involuntary or unknowing or that the court relied on an impermissible factor such as race or imposed a sentence that exceeds the statutory maximum).

There is another reason counsel could not be faulted for not appealing the Defendant's sentence. The Defendant appears to be arguing that his counsel should have filed an appeal of his original sentence based on the United States Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). *See* Movant's Resp. 2–3 ("The sentencing court denied his argument concerning the Fair Sentencing Act. Since [then,] the Supreme Court has established precedent in which Movant could have benefitted from being on appeal challenging the denial of the [FSA].") In *Dorsey*, the United States Supreme Court held that the FSA's new mandatory minimum sentences for crack cocaine offenses apply to anyone sentenced after August 3, 2010, even if the offense conduct occurred before August 3, 2010. 132 S. Ct. at 2326. In doing so, the

5

Court overruled the Seventh Circuit's decision in *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011). It is not outside the wide range of professionally competent assistance to decide not to go against Circuit precedent, and *Dorsey* was not decided until June 21, 2012. Because the Defendant had been sentenced almost a year earlier, on June 27, 2011, his time to file a direct appeal had long passed. *See* Fed. R. App. P. 4(b) (providing that a notice of appeal must be filed within 14 days after the entry of judgment). Moreover, even if time remained to file an appeal, there would not have been any grounds to vacate the Defendant's sentence and remand it to this Court. The FSA simply has no impact on the Defendant's sentence. He was not sentenced in accordance with a mandatory minimum, but as a career offender.[2]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where the district court has

---

[2] In any event, the quantity of drugs the Defendant possessed triggered the same mandatory minimum term of imprisonment both before and after the FSA amendments.

rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate"). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Additional argument is not necessary here because no reasonable jurist could conclude that the Defendant did not knowingly and voluntarily plead guilty pursuant to a Plea Agreement that contained an express waiver of the right to collaterally attack his conviction or sentence. In addition, no reasonable jurist could conclude that the Court's assessment of the Sixth Amendment claim was debatable or wrong regarding whether counsel should have filed an appeal. The Court will not issue the Defendant a certificate of appealability.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 73]. The Court declines to issue a certificate of appealability.

7

SO ORDERED on May 17, 2016.

                                            s/ Theresa L. Springmann  
                                           THERESA L. SPRINGMANN  
                                           UNITED STATES DISTRICT COURT