UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:10-CR-18-TLS |
| | ) | (CASE NO.: 1:16-CV-213-TLS) |
| RODNEY L. POPE | ) | |

**OPINION AND ORDER**

The Defendant, Rodney Pope, is serving a 188-month sentence for his conviction under 21 U.S.C. § 841(a)(1). Pending before the Court is the Defendant's Successive Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 88]. The basis for the Defendant's Motion is the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), striking down as unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). The Defendant argues that in light of *Johnson*, his sentence, which involved a Guideline enhancement under the identically worded residual clause of U.S.S.G. § 4B1.2(a)(2), is unlawful.

The Court granted the Government's request for a stay pending the Supreme Court's decision in *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016). On March 13, 2017, the Government filed a Notice of Supplemental Authority, because the Supreme Court had issued a decision in *Beckles v. United States*, 137 S. Ct. 886, 2017 WL 855781 (Mar. 6, 2017). The Supreme Court held that, because the United States Sentencing Guidelines are not subject to due

process vagueness challenges, the residual clause found in § 4B1.2(a)(2) is not void for vagueness. *Beckles*, 2017 WL 855781, at * 6, *9. The Supreme Court explained that its prior decision finding unconstitutionally vague the residual clause in the ACCA did not affect the identically worded residual clause in the Sentencing Guidelines. *Id.* at * 3, 5–6 (citing *Johnson*, 135 S. Ct. at 2563).

The Government maintains that the Defendant's argument is now foreclosed by controlling Supreme Court precedent. Because the Defendant's sentence was unaffected by *Johnson*, that decision does not grant the Defendant a fresh window to file a collateral attack, his motion is untimely, and this Court should dismiss it. *See Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016) (citing 28 U.S.C. § 2255(f)(3)). Alternatively, the Government argues that the Court should deny the Defendant's motion on the merits because *Johnson* does not apply to the Guidelines and the Defendant's sentence was not "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

The Court finds that no further briefing is necessary to resolve the Defendant's Motion. Judgment having been entered on June 28, 2011, with no direct appeal taken, the 2016 habeas motion is untimely. *See* 28 U.S.C. § 2255(f). Although the Seventh Circuit authorized the district court to consider the Defendant's second § 2255 motion along with the Government's defenses, it also cited 28 U.S.C. § 2244(b)(4) , which

directs that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the application shows that the claim satisfies the requirements of this section." Here, while the Defendant made a prima facie showing that he might be entitled to relief under a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255(h)(2), the Supreme Court's decision in *Beckles* confirms that the new rule does not apply to Guideline enhancements.

Even if the Defendant's collateral attack should be considered timely, *Beckles* now forecloses any argument that the Guideline provision upon which his sentence was based is void for vagueness. *See Cummings v. United States*, No. 16-1636, 2017 WL 1086303 (7th Cir. Mar. 21, 2017). Accordingly, his Motion under § 2255 is DISMISSED. The Court also DENIES the issuance of a certificate of appealability, as the resolution is not debatable in light of the Supreme Court's authority.

The Court advises the Defendant that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises the Defendant that if he wishes to appeal, he must file a notice of appeal within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

## CONCLUSION

For the above reasons, the Court DISMISSES the Defendant's Successive Motion to Correct Sentence Under 28 U.S.C. § 2255 [ECF No. 88], DECLINES to issue a Certificate of Appealability, and DIRECTS the Clerk to close the associated civil case [1:16-CV-213-TLS].

SO ORDERED on May 1, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT