UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:10-CR-18-TLS |
| | ) | |
| RODNEY L. POPE | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Rodney L. Pope's Motion to Reduce Sentence [ECF No. 75], filed on November 17, 2014. After consideration of this case's complex procedural history, the Court finds that the Defendant's Motion is moot.

On June 28, 2011, the Court entered judgment [ECF No. 46] against the Defendant, adjudging him guilty of a single count of possession with intent to distribute five grams or more of cocaine base—"crack"—a Schedule II controlled substance and sentenced him to a term of imprisonment of 188 months. The United States Sentencing Guidelines for crack-cocaine were subsequently amended (Amendment 782), but the Defendant's Counsel advised the Court that the Defendant's sentencing range would not be affected by retroactive application of the amended guideline pursuant to 18 U.S.C. § 3582(c)(2), (*see* ECF No. 55), and the Court agreed (*see* ECF No. 58).

Nevertheless, the Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense [ECF No. 62] on January 27, 2012, also based on Amendment 782, which the Court denied [ECF No. 63]. On August 29, 2012, the Defendant filed another pro se Motion for Reduction Sentence [ECF No. 65], to which the Government filed a response [ECF No. 67], and the Defendant replied [ECF No. 68]. In this Motion, the Defendant argued that the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321

(2012) required the Court to modify his sentence under § 3582(c)(2). The Court denied [ECF No. 70] his Motion, finding that because the Defendant was sentenced based on his career offender status and not based on a mandatory minimum, the amendment to the Guidelines regarding crack cocaine offenses had no effect on his sentencing range, and the Court did not have the authority under § 3582(c)(2) to modify his sentence based on his career offender status.

On September 15, 2014, the Defendant filed a pro se Motion to Vacate Sentence [ECF No. 73] under 28 U.S.C. § 2255 based on ineffective assistance of counsel, to which the Government responded [ECF No. 77], the Defendant replied [ECF No. 80], and the Government filed a Surreply [ECF No. 81]. The Court denied [ECF No. 83] the Defendant's Motion on May 17, 2016, and declined to issue a Certificate of Appealability. On June 13, 2016, the Defendant filed a successive Motion to Vacate Sentence [ECF No. 88] in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that the Guidelines section under which he was sentenced was unconstitutionally vague and that he was no longer a career offender because his prior convictions for battery no longer qualified as crimes of violence. The Court stayed [ECF No. 92] briefing on the Motion pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). On March 13, 2017, the Government filed a Notice of Supplemental Authority [ECF No. 94], which noted that the Supreme Court's decision in *Beckles* found that the Sentencing Guidelines were not subject to a vagueness challenge. Accordingly, on May 1, 2017, the Court denied [ECF No. 95] the Defendant's successive Motion to Vacate Sentence, finding that *Beckles* foreclosed the Defendant's argument.

In his pending pro se Motion to Reduce Sentence [ECF No. 75], filed on November 17, 2014, the Defendant also argued that he was entitled to a sentencing reduction based on

Guideline Amendment 782. The Court referred the matter to the Federal Community Defender's Office [ECF No. 76] on November 21, 2014, and Thomas O'Malley assumed representation of the Defendant. At that time, Mr. O'Malley and the Government agreed that the Defendant was not eligible for the requested relief. (*See* Joint Status Rep. ECF No. 85.) In response to the Court's Request for a Status Report [ECF No. 97], Mr. O'Malley affirmed that Guideline Amendment 782 is not applicable to the Defendant. (*See* Status Rep. ECF No. 98.) The Government concurred with his assessment. (*See id.*) However, the Defendant's pending Motion has not been withdrawn and still awaits disposition.

In addition to the parties' confirmation that the Defendant is ineligible for a reduction or modification of sentence based on the arguments in his Motion, the Court finds that the merits of the Defendant's pending Motion have been adequately addressed by the Court's previous rulings, and therefore, the Defendant's Motion will be DENIED AS MOOT. The Defendant's Counsel, Thomas O'Malley, has also filed a Motion to Withdraw as Attorney [ECF No. 101], which the Court now GRANTS.

SO ORDERED on March 28, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT