**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:10-CR-18-TLS |
| RODNEY L. POPE | |

**OPINION AND ORDER**

On June 28, 2011, the Court sentenced Defendant Rodney L. Pope to 188 months imprisonment for his conviction under 21 U.S.C. § 841(a)(1)─possession with intent to distribute cocaine base. [ECF No. 46]. On June 28, 2019, the Court reduced Defendant's sentence to 151 months imprisonment pursuant to the First Step Act. [ECF No. 111]. On January 20, 2020, Defendant submitted a Letter [ECF No. 113] to the Court inquiring as to whether he has been credited the proper good conduct time under the First Step Act. He states that is entitled to two and a half months off of his sentence and asks the Court to "check or correct this 'time cut.'" *Id.*

The execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992). This delegation of tasks includes responsibility for computing jail time credits and determining a sentence termination date once the defendant actually commences serving his sentence. *Id.* at 335. Requests for credit for time served must be made initially through the BOP administrative channels, which are governed by federal regulation. *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992); *see also* 28 C.F.R. § 542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Prisoners may then seek judicial review of the BOP computation in a

district court pursuant to 28 U.S.C. § 2241. *Koller*, 956 F.2d at 1417; *see also Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) (explaining that "[r]equests for sentence credit, or for recalculation of time yet to serve . . . must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241, or perhaps a suit under the Administrative Procedure Act (to the extent 18 U.S.C. § 3625 permits)"). Additionally, any § 2241 petition must be filed in the district of confinement, *United States v. Mittelsteadt*, 790 F.2d 39, 40–41 (7th Cir. 1986), and the Defendant is incarcerated in New Jersey. Accordingly, to the extent the Defendant's Letter presents a request that this Court alter the BOP's jail time calculation, it is dismissed. *See al-Marri v. Rumsfeld*, 360 F.3d 707, 710 (7th Cir. 2004) (providing that dismissal of an action filed under § 2241 is the proper remedy when it is filed in the wrong district).

If the Defendant's Letter is construed as a request to modify his sentence, it is likewise ineffectual. Under 18 U.S.C. § 3582(c), a federal court does not have grounds to "modify a term of imprisonment once it has been imposed" in the absence of one of the narrow exceptions set forth in the statute. *See Freeman v. United States*, 564 U.S. 522, 526 (2011) (plurality opinion). None of those specific circumstances are presented here.

## CONCLUSION

For the reasons stated above, the Defendant's Letter [ECF No. 113] does not present any basis for relief.

SO ORDERED on February 5, 2020.

                                              s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT